# IN THE UNITED STATES COURT OF THE WESTERN DISTRICT OF PENNSYLVANIA

**NORMA DIANE FRITZ**
    **Plaintiff**                                            Case No. 2:12-cv-1725

v

**CAPITAL MANAGEMENT**                               **MOTION TO COMPEL**
**SERVICES, LP**
    **Defendant**

## MOTION TO COMPEL DISCOVERY

**Comes now the Plaintiff, and hereby requests the COURT to Compel the Defendant to produce the following documents, as Defendant has failed to produce any documents requested in the Plaintiff's Discovery therefore Defendant has failed to comply with the rules of discovery:**

**Plaintiff's Discovery *SEE EXHIBIT-B***

**Defendant's Answers to Discovery *SEE EXHIBIT-C***

### Request for Admissions

1. Defendant denies needing original contract. Plaintiff Demands original contract.

2. Defendant denies needing an application for credit. Plaintiff Demands original application.

4. It is Defendants responsibility to validate that Plaintiff willfully initiated a contract between alleged original creditors which would allow defendant a permissible purpose; Plaintiff denies any contract with Northland, Citibank, or Chase.

5. Defendant has never validated any alleged debt.

7. Plaintiff requests an answer pertaining to the "Certification" of "permissible purpose"; Stated in Service Contract Between CMS and Equifax *SEE EXHIBIT D*

8. Plaintiff has continuously disputed this alleged debt, which Defendant denied in his answers. *SEE EXHIBIT E*

9. Defendants denial has no merit. Plaintiff requests an answer to the "Certification"; (DTEC (Full) report) allowing "permissible purpose" to Equifax. *SEE EXHIBIT C no. 9*

15. Defendant admits he is in possession of the tangible contract between CMS and the unknown original creditor but has failed to provide it to the Plaintiff. *SEE EXHIBIT C no. 15*

1

16. Defendants denial is without merit, by law a debt collector must certify to a credit reporting agency evidence in the certification D TEC (Full) that it has authorization to obtain permissible purpose and the consumer's credit report. *SEE EXHIBIT C no. 16*

### Plaintiff requests Interrogatory numbers:

1. Defendant was asked if at any time it purchased evidence of alleged debt from any entity that would give CMS a permissible purpose for obtaining the credit report. Defendant failed to answer the question, please answer yes or no. *SEE EXHIBIT C no. 1*

2. Plaintiff requests documents that CMS has to prove they had a permissible purpose.- Defendant states "see documents in connection with the ENE Statement" **these documents do no prove CMS had a permissible purpose and are not admissible under the Federal Rules of Evidence** *EXHIBIT –E* please produce The D TEC (Full) Certification Report. *SEE EXHIBIT D*

4. Defendant falsely states that the alleged account was validated, the Plaintiff requested validation repeatedly, CMS and no other entity ever validated the alleged debt, with a signed original contract. Please provide validation and proof that the original creditor retained CMS to collect this alleged debt. *SEE EXHIBIT E*

5. Defendants answer is vague and evasive concerning discontinued collection; Please fully answer why collection was terminated.

6. Defendant avoids answering the question of what policies and procedures are designed to assure fulfillment of your duty to ascertain if there was any permissible purpose before obtaining Plaintiffs credit report, only that CMS makes an inquiry. Plaintiff requests Certification, DTEC (Full) Certification report and proof that the original creditor retained CMS to collect this alleged debt.

8. See no.6 -The date CMS was retained by alleged original creditor to collect an alleged debt.

9. Defendant failed to provide name of the employee who signed retainer between CMS and the alleged original creditor, Please provide **the name.** *SEE EXHIBIT C no.9 of interrogatories.*

10. Plaintiff requests certification from CMS and Equifax, Defendant attaches a copy of an agreement that is dated 2002. This is the service agreement between CMS and Equifax and not the agreement Plaintiff requested but within this Agreement it states and relates to the "Certification" Plaintiff requested; it says that **in order to have a permissible purpose you must have the <u>DTEC (Full) Certification REPORT, which is not attached. Plaintiff does request this report.</u>** *SEE EXHIBIT D*

### Production of Documents

2

1. Defendant has failed to produce any admissible evidence that Plaintiff requested in Number 1 that Plaintiff contracted with any original creditor. Please provide original authenticated evidence of a contract between the plaintiff and the original creditor in tangible form.

4. Defendant has failed to provide any admissible proof that CMS was retained by the alleged original creditor to collect on the allege debt. Please provide Plaintiff with the original contract that CMS was retained and hired to collect a debt for the alleged creditor.

5. Defendant has failed to provide "Certification; The D TEC (Full) REPORT", which "certifies" evidence to the credit reporting agencies proof that the debt collector has a permissible purpose which Defendant said was forth coming. ***SEE EXHIBIT D-6 Please*** provide this required "Certification D TEC (Full) report evidenced and stated in Service agreement between CMS and Equifax. ***SEE EXHIBIT D***

6. See number 1

7. See number 4

8. Defendant has failed to produce any documents of actual evidence at the ENE Session, or in the discovery request that are admissible under the Federal Rules of Evidence that would evidence "validation". Please produce the proof of "validation" of this alleged debt from the alleged original creditor.

9. See number 5

It should appear to this court that the discovery requests propounded are rather clear and concise, using language that any attorney must be expected to understand. The Defendant failed to respond as required by the rules.

***WHEREFORE,*** the Plaintiff, Norma Diane Fritz, does respectfully request that this Honorable Court grant this Motion to Compel in its entirety.

Plaintiff certifies that the information requested by Plaintiff is relevant and admissible. Plaintiff also certifies that this motion is made in good faith and not intended for purposes of delay, harassment or to unnecessarily increase the costs of litigation.   Dated this 22nd day of April 2013

Respectfully submitted,

_____
Norma Diane Fritz

3

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Request for **MOTION TO COMPEL** was sent to the Attorney for the Capital Management Services, LP. Certified mail no.70120470000076055361.

Richard J. Perr
1735 Market St. Suite 600
Philadelphia, PA 19103-7513
rperr@finemanlawfirm.com
215-893-9300

 

Respectfully,

*[signature]*

Date- April22, 2013

Norma Diane Fritz
5124 College St.
Finleyville PA. 15332
tweeetyd@yahoo.com
724-348-7452