IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA DIANE FRITZ, <br> Plaintiff | : | CIVIL ACTION |
| v. | : | NO. 2:12-cv-01725-TFM |
| CAPITAL MANAGEMENT SERVICES, LP, <br> Defendants | : | JURY TRIAL DEMANDED |

## DEFENDANT CAPITAL MANAGEMENT SERVICES, LP'S RESPONSES TO DISCOVERY

Defendant Capital Management Services, LP ("Defendant"), by and through its undersigned counsel, respectfully responds to discovery and states as follows:

### DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

1. Admitted. It is specifically denied that an original cardholder agreement is needed to authorize CMS to make an inquiry into Plaintiff's consumer report.

2. Admitted. It is specifically denied that an application for credit is needed to authorize CMS to make an inquiry into Plaintiff's consumer report.

3. Admitted. It is specifically denied that a fact witness is necessary to testify about an original cardholder agreement in order to authorize CMS to make an inquiry into Plaintiff's consumer report.

4. Admitted. CMS was a debt collector and independent contractor; CMS was not assigned Plaintiff's obligation.

5. Denied.

6. Admitted.

EXHIBIT - C

7. Admitted in part; denied in part. It is admitted that the notation was removed from Plaintiff's consumer report. It is denied that it was removed because there no information to support the inquiry.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Admitted.

16. Denied.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES

1. Section 1681b(a)(3)(A) of the Fair Credit Reporting Act ("FCRA") authorizes the furnishing of a credit report "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." Courts have held that whether a consumer report has been obtained under false pretenses will ordinarily be determined by reference to the permissible purposes for which consumer reports may be obtained under 15 U.S.C. § 1681b. *Zamora v. Valley Fed. Sav. & Loan Ass'n of Grand Junction*, 811 F.2d 1368, 1370 (10th Cir. 1987). A consumer report may be provided for the purpose of collecting on a consumer's account. 15 U.S.C. § 1681b(a)(3)(A). Although the FCRA does not define "collection of an account," the case law addressing this issue uniformly agrees "collection of an account" is equivalent to the

collection of a debt. *Hasburn v. County of Los Angeles*, 323 F.3d 801, 803 (9th Cir. 2003). Therefore, a debt collector has a permissible purpose to obtain a report regarding a consumer for use in attempting to collect the consumer's debt. *See FTC Statements of General Policy or Interpretation Staff Commentary on the FCRA*, 55 Fed. Reg. 18804, 18814 (May 4, 1990). In fact, it is also permissible to obtain a consumer report for the purpose of obtaining a current address of the consumer when collecting a debt. *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 118 (E.D.N.Y. 1999).

A collection agency is permitted to reasonably rely on the information provided by the creditor without incurring liability under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), as the FDCPA does not require debt collectors to conduct an independent investigation into the validity or character of the underlying obligation prior to collections. *See Slanina v. United Recovery Systems, L.P.*, No. 3:11-CV-1391, 2011 U.S. Dist. LEXIS 121356, at *8 (M.D. Pa. 2011) (requiring debt collectors to investigate and verify a debt before collection would create an additional duty not found in the statute's plain language and would render Section 1692g(a)(4) superfluous); *see also Clark v. Capital Credit & Collection Serv.*, 460 F.3d 1162, 1177 (9th Cir. 2006); *Jenkins v. Heintz*, 124 F.3d 824, 833-34 (7th Cir. 1997); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992); *Shapiro v. Haenn*, 222 F. Supp. 2d 29, 44 (D. Me. 2002); *McStay v. I.C. Sys., Inc.*, 174 F. Supp. 2d 42 (S.D. N.Y. 2001); *Edwards v. McCormick*, 136 F. Supp. 2d 795, 804 (S.D. Ohio 2001); *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1140-41 (N.D. Ill. 1998).

CMS accessed Plaintiff's consumer report a single time on or about November 6, 2010 in connection with its collection of an obligation claimed to be due its client. CMS was lawfully permitted to rely on its client concerning the validity of the obligation (which Plaintiff does not

dispute in any event), and, thus, had a permissible purpose as a matter of law to review the consumer report.

2. See documents produced in connection with the ENE Statement.

3. None.

4. On or about December 28, 2010, CMS's client recalled the account. The account had previously been validated. "Verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt . . . Consistent with the legislative history, verification is only intended to 'eliminate the . . . problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.' . . . There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999), *cert. denied*, 528 U.S. 891 (1999); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006).

5. On or about December 28, 2010, CMS's client recalled the account.

6. CMS makes inquiry into a consumer's consumer report for all consumer obligations placed with it for collection. Defendant was retained by Chase Bank USA, N.A. on or about November 4, 2010 to collect an unpaid credit card balance in the amount of $13,334.33. The card holder was identified as Norma D. Fritz, 5124 College Street, Finleyville, Pennsylvania 15332. Chase also provided a social security number.

7. A permissible purpose to make an inquiry as to a consumer report does not require an original contract.

8. On or about November 4, 2010.

9. CMS and Chase Bank have a general collection agreement, which was executed many years ago. The collection agreement is not relevant and not designed to lead to the discovery of admissible evidence.

10. CMS's Certification is part of its contract with Equifax. A copy of which is attached.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

1. See documents produced in connection with the ENE Statement.

2. See documents produced in connection with the ENE Statement.

3. None. CMS did not purchase the obligation.

4. CMS and Chase Bank have a general collection agreement, which was executed many years ago. The collection agreement is not relevant and not designed to lead to the discovery of admissible evidence.

5. See attached.

6. See documents produced in connection with the ENE Statement.

7. See documents produced in connection with the ENE Statement.

8. See documents produced in connection with the ENE Statement.

9. See attached.

FINEMAN KREKSTEIN & HARRIS, P.C.

By:     /S/ Richard J. Perr
RICHARD J. PERR, ESQUIRE (PA 72883)
BNY Mellon Center
1735 Market Street, Suite 600
Philadelphia, PA 19103-7513
(v) 215-893-9300; (f) 215-893-8719
e-mail: rperr@finemanlawfirm.com
Attorneys for Defendant

Dated: April 4, 2013