IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMA DIANE FRITZ,<br>    Plaintiff,<br><br>    v.<br><br>CAPITAL MANAGEMENT SERVICES, LP,<br>    Defendant. | ) <br> ) <br> ) <br> )   2:12-cv-1725 <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is the MOTION FOR RECONSIDERATION AND TO SET ASIDE COURT'S JUDGMENT (ECF No. 36) filed by Plaintiff, Norma Diane Fritz. Defendant, Capital Management Services, LP, filed a MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 37). Accordingly, the motion is ripe for disposition.

**I. Background**

The facts of this case are more fully set forth in this Court Memorandum Opinion and Order of Court of August 29, 2013, and are incorporated herein. *See* Mem. Op. and Order 1-3, Aug. 29, 2013 (ECF No. 34). In short, Plaintiff was delinquent on her credit card payments to Chase Bank ("Chase"). Chase retained Defendant's collection services in order to collect the debt. Defendant thereafter pulled Plaintiff's credit report as part of the debt collection process.

Plaintiff, who is litigating *pro se*, brought suit on November 26, 2012, claiming that Defendant pulled her credit report without a purpose authorized by the Fair Credit Reporting Act, ("FCRA" or the "Act"), 15 U.S.C. § 1681, *et seq.* Defendant moved for summary judgment at the close of discovery. The Court granted Defendant's motion on August 29, 2013, concluding that a debt collector such as Defendant is permitted to obtain a consumer credit report

1

in order to assist in collecting on an outstanding debt. Mem. Op. and Order 6, Aug. 29, 2013 (ECF No. 34). Therefore, the Court held that there was no basis for imposing liability under the FCRA. *Id.* The instant motion for reconsideration then followed.

## II. Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for a losing party to ask the Court to rethink its decision.

## III. Discussion

Plaintiff contends that the Court's decision was erroneous because the Court misinterpreted the FCRA's definition of "account," which was added to the FCRA via the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681c(g). She further contends that the Court erred in considering an affidavit submitted by Defendant and requests that it be "stricken from the record." Mot. for Recons. 2 (ECF No. 36). Defendant responds that Plaintiff has not raised a cognizable basis for disturbing the Court's decision. The Court agrees.

Plaintiff does not cite to any change in controlling law or newly discovered evidence. Moreover, she does not assert that the Court made any clear error of law. She simply disagrees with the Court's statutory interpretation and analysis of the Federal Rules of Evidence, and asks

in order to assist in collecting on an outstanding debt. Mem. Op. and Order 6, Aug. 29, 2013 (ECF No. 34). Therefore, the Court held that there was no basis for imposing liability under the FCRA. *Id.* The instant motion for reconsideration then followed.

## II. Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for a losing party to ask the Court to rethink its decision.

## III. Discussion

Plaintiff contends that the Court's decision was erroneous because the Court misinterpreted the FCRA's definition of "account," which was added to the FCRA via the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681c(g). She further contends that the Court erred in considering an affidavit submitted by Defendant and requests that it be "stricken from the record." Mot. for Recons. 2 (ECF No. 36). Defendant responds that Plaintiff has not raised a cognizable basis for disturbing the Court's decision. The Court agrees.

Plaintiff does not cite to any change in controlling law or newly discovered evidence. Moreover, she does not assert that the Court made any clear error of law. She simply disagrees with the Court's statutory interpretation and analysis of the Federal Rules of Evidence, and asks

the Court to rethink its decision. This is not a valid basis for granting a motion for reconsideration. Accordingly, the Court reaffirms its August 29, 2013, Memorandum Opinion and Order of Court.

### IV. Conclusion

In accordance with the foregoing, Plaintiff's MOTION FOR RECONSIDERATION AND TO SET ASIDE COURT'S JUDGMENT (ECF No. 36) will be **DENIED.** An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NORMA DIANE FRITZ,  )
        Plaintiff,  )
        )
        ) 2:12-cv-1725
    v.  )
        )
CAPITAL MANAGEMENT SERVICES, LP,  )
        Defendant.  )
        )

## ORDER OF COURT

AND NOW, this 7th day of October, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Plaintiff's MOTION FOR RECONSIDERATION AND TO SET ASIDE COURT'S JUDGMENT (ECF No. 36) is **DENIED**.

        BY THE COURT:

        s/Terrence F. McVerry
        United States District Judge

cc:    **NORMA DIANE FRITZ**
       5124 College Street
       Finleyville, PA 15332

       **Richard J. Perr, Esquire**
       Email: rperr@finemanlawfirm.com